IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TANA R. CUMMINS, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 02-CV-4201-JPG |
| STATE OF ILLINOIS, | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court on Plaintiff's Objection to Defendant's Bill of Costs (Doc. 198). For the following reasons, Plaintiff's Objection is **DENIED**.

Plaintiff claims that because the Court did not address costs in its order granting summary judgment (and the judgment itself) and because she appealed the Court's decision, Defendant's Bill of Costs is not properly before the Court. She is not objecting to any specific assessment of costs in this case, as the clerk has not taken action on Defendant's Bill. Rather, Plaintiff appears to claim that the Court's failure to address costs in its order and judgment precludes the clerk from taxing costs. Plaintiff's argument is without merit. The Seventh Circuit has held that a judgment not mentioning costs is presumed to be a judgment permitting costs. *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988). As such, the failure of the Court to address costs in its order and judgment does not preclude the Clerk from taxing costs upon the motion of the prevailing party. Further, the Seventh Circuit has held that a district court may award costs while a substantive appeal is pending. *Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260-61 (7th Cir. 1994). Thus, the pendency of the appeal does not preclude the Clerk from taxing costs after a final judgment.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  After a motion for costs, the clerk may tax these costs on one day's notice.  *Id*.  The losing party must object to the clerk's assessment within five days for the Court to review that action.  *Id*.  This Rule establishes a process for the taxation of costs whereby the taxing of routine costs is ordinarily settled by the clerk.  *Congregation of the Passion*, 854 F2d at 222.  The losing party may obtain review of the clerk's decision by objecting to the clerk's assessment.  *Id*.  At that point, the district court reviews the assessment.  Here, the clerk has not responded to Defendant's Bill of Costs.  Therefore, Plaintiff has objected too early in the process.

In any event, Plaintiff has failed to show that Defendants are not entitled to an award of costs.  Courts have often observed that Rule 54(d) creates a strong presumption that the prevailing party will recover costs.  *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997); *Congregation of the Passion*, 854 F.2d at 222.  This presumption is so strong in fact, that "unless and until the losing party affirmatively shows that the prevailing party is not entitled to costs, the district court *must* award them, 'as of course.'"  *Congregation of the Passion*, 854 F.2d at 222.  (emphasis added).  "Only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay will suffice to justify denying costs."  *Weeks*, 126 F.3d at 945.  Plaintiff has not made such claims.  Plaintiff's objection is therefore **DENIED**.  The Clerk of the Court is **DIRECTED** to proceed with the taxation of costs in response to Defendant's Bill of Costs.

**IT IS SO ORDERED**.

**Dated: October 17, 2005.**

                                                        **/s/ J. Phil Gilbert**_____
                                                        **J. PHIL GILBERT**
                                                        **U.S. District Judge**