UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

TANA R. CUMMINS,

        Plaintiff,

    v.                                               Case No. 02-cv-4201-JPG

STATE OF ILLINOIS, *et al.*,

        Defendant.

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the parties' joint Motion (Doc. 204) to set aside judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) (hereinafter "Rule 60(b)(6)"). As the motion's name implies, the parties seek to displace the Clerk's Judgment (Doc. 190) in this case with a new, agreed-upon judgment due to recent settlement. However, first, the parties seek an order of certification from this Court so that the ongoing appeal in this matter, *Tana Cummins v. State of Illinois*, Case No. 05-3877, may be remanded. Until remand, the parties ask that ruling on the alteration of judgment be held in abeyance.[1]

It has been over four years since this Court has heard from the parties in this case. Tana R. Cummins (hereinafter "Cummins") originally filed her Complaint (Doc. 1) on September 27, 2007, alleging employment discrimination against the State of Illinois (hereinafter "Illinois") and citing various statutory sources of relief. Cummins' claims targeted Illinois' explicit exclusion of prescription contraceptives from the health insurance plans of state employees. Eventually, the Court certified Cummins to represent a class of similarly situated individuals. (*See* Doc. 125, Doc. 127). Judgment would not be entered until September 16, 2005, shortly after the Court

---

[1]As discussed *infra*, the Court's current lack of jurisdiction necessitates such abeyance.

entered a Memorandum and Order (Doc. 189) granting Illinois' Motion for Summary Judgment (Doc. 167).

Cummins timely appealed this Court's order to the Seventh Circuit Court of Appeals, which referred the case to its Settlement Conference Office.  Only recently did the parties emerge from settlement, wherein Illinois agreed to establish a $600,000 fund to which class members, represented by Cummins, could apply and be reimbursed for out-of-pocket prescription costs paid during the class period.  The procedures, claim forms, dollar value, and time period of this claims process have been agreed upon by the parties.  Ultimately, the parties will ask this Court to approve the settlement and to retain jurisdiction over the case until the settlement/claims process is complete.

At present, the Court does not have jurisdiction to rule on the instant motion because this case is still docketed on appeal.  "The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).  Nevertheless, the Court may certify that it is inclined to grant the motion using the procedures set forth in Seventh Circuit Rule 57 (hereinafter "Rule 57"), which provides as follows:

> A party who during the pendency of an appeal has filed a motion under Fed. R. Civ. P. 60(a) or 60(b), Fed. R. Crim. P. 35(b), or any other rule that permits the modification of a final judgment, should request the district court to indicate whether it is inclined to grant the motion. . . . .

7th Cir. R. 57.  The mandate of Rule 57 is clear: if the Court wants to alter its previous judgment in this case, it must first certify inclination to grant the instant motion.  If it were so inclined, the Seventh Circuit would then remand the case to this Court for reconsideration.  *Id.*; *see also*

*Graefenhain v. Pabst Brewing Co.*, 870 F.2d 1198, 1211 (7th Cir. 1989).  Accordingly, the question before the Court now is whether it is inclined to grant the parties' motion.

While "it is very well established that Rule 60(b) relief is 'an extraordinary remedy and is granted only in exceptional circumstances,'" *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (quoting *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994)), the instant motion was jointly filed by the parties due to recent settlement.  Absent is the general concern that Rule 60(b)(6) "is not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the Court made its decision."  *O'Neil v. Acevedo*, Case No. 03-cv-838-JPG, 2008 WL 3382627, at *2 (S.D. Ill. Aug. 11, 2008).  The Court has no reason to believe that the proposed settlement is unreasonable or should not be enforced.  Accordingly, the Court would indeed be willing to alter its judgment upon remand.

However, the Court finds it necessary to address the parties' request that it maintains jurisdiction throughout the claims process.  Generally, "the district judge's 'approval' of a settlement, unless that approval is embodied in a judicial order retaining jurisdiction of the case in order to be able to enforce the settlement without a new lawsuit, has no legal significance." *Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002); *see also Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381 (1994).  In other words, the parties will need to ensure that the Court's judgment "explicitly incorporates the settlement, *or* reserves authority to enforce the settlement, [if it is to possess] ancillary jurisdiction." *Lucille v. City of Chicago*, 31 F.3d 546, 548 (7th Cir. 1994) (emphasis added). The bottom line is that "[v]iolation of terms that are *not* in the judgment cannot be thought to flout the court's order or imperil the court's authority, and claims of such

violations therefore do not activate the ancillary jurisdiction of the court." *Id*. (emphasis in original).  So long as the parties and the Court acknowledge and adhere to these requirements, the Court foresees no problem in entering the requested judgment.

For the foregoing reasons, the Court **GRANTS the instant motion (Doc. 204) insofar as it requests an order of certification pursuant to Seventh Circuit Rule 57.**  The Court **CERTIFIES that it is inclined to grant the parties' joint Motion (Doc. 204) to set aside judgment and request to render a new final judgment.**  Further, the Court **RESERVES RULING on the instant motion insofar as it requests alteration of the current Clerk's Judgment (Doc. 190)**.  Finally, the Court **DIRECTS** the Clerk of Court to send this order to the Seventh Circuit Court of Appeals.

**IT IS SO ORDERED.**
**DATED: January 25, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**